On Motion for Rehearing

CORTINAS, J.
On consideration of the appellees’ pending motion for rehearing, the Court grants the motion for rehearing, withdraws its prior opinion issued November 10, 2010, and substitutes the following opinion.
Isbelia Duran, a non-attorney representing herself, appeals a final order of the Florida Unemployment Appeals Commission (the “Commission”) denying her application for unemployment benefits during the summer of 2009. Her appeal turns on the application of a special statutory provision disqualifying continuing teachers from receiving unemployment benefits during the summer interval between regular school terms. The applicable statute provides, in pertinent part:
Benefits are not payable for services in an instructional, research, or principal administrative capacity for an educational institution or an institution of higher education for any week of unemployment commencing during the period between 2 successive academic years ... to any individual, if the individual performs those services in the first of those academic years or terms and there is a contract or a reasonable assurance that the individual will perform services in any such capacity for any educational institution ... in the second of those academic years or terms.
§ 443.091(3)(a), Fla. Stat. (2009). We find that the special rule of ineligibility does not apply in this case because Ms. Duran was never able to “perform” the full-time instructional service for which she was under contract. This statute disqualifies teachers who complete their work during the full academic year from receiving unemployment benefits during the summer months. It does not apply to cases such as this, where full-time teaching personnel are terminated prior to the end of the academic year.
Subsequent to her termination, Ms. Duran applied for unemployment compensation benefits based on her earnings credit as a full-time teacher. The Agency for Workforce Innovation (the “Agency”) determined that Ms. Duran was eligible for unemployment benefits from April 19, 2009 through April 18, 2010.[1] However, based *1176 on the statutory provision disqualifying continuing teachers from unemployment benefits, the Agency found that Ms. Duran was ineligible for benefits for the period dating from June 7 through August 22, 2009. Ms. Duran then timely appealed the decision to the Agency’s Office of Appeals, and a referee conducted a telephonic hearing. At the hearing, it was established that during the 2008-2009 academic year, Ms. Duran was working as a full-time “interim teacher” under Article XIX, Section 2 of the 2006-2009 Collective Bargaining Agreement between the United Teachers of Dade and Miami-Dade County Public Schools (MDCPS). The representative from MDCPS testified that Ms. Duran, unlike an on-call instructor or a part-time substitute teacher, worked as a “3100 teacher, which is a temporary full-time position.” The record clearly established that Ms. Duran worked on a full-time basis for at least sixteen straight weeks during the 2008-2009 academic term, after which she was terminated from her full-time position. Ms. Duran’s unrebutted testimony was that before the end of the academic term, her full-time position was terminated by MDPCS, after which she worked as a part-time substitute.[2] Applying the statutory exception, the appeals referee expressly concluded that “[t]he evidence ... shows the claimant worked for the employer in the first of two successive school years and has a ‘reasonable assurance’ of working for the employer in a similar capacity during the second of those school years.” The Commission, in affirming the decision of the referee, provided no analysis or comment.
The referee erred in applying section 443.091(3)(a) to Ms. Duran’s case. The disqualification from unemployment benefits only applies to those who have not been terminated, and who, but for the operation of the statute, might be eligible for unemployment benefits during the summer months due to the episodic nature of academic work. Educators who have been terminated, like Ms. Duran, simply do not fall under the scope of the exception.
Contrary to our dissenting colleague’s viewpoint, it is not relevant that Ms. Duran elected to work as a substitute teacher during the remainder of the 2008-2009 academic year, as part-time substitute teachers are still eligible for unemployment benefits, though such benefits are reduced to reflect a claimant’s part-time income. Nor is it relevant that the MDPCS representative testified that Ms. Duran “could be called back on the first day of school if ... a school needs her.” A reasonable assurance of employment is a factor to be considered only in the case of an educator, researcher, or administrator who was not terminated. The plain language of the section 443.091(3)(a) establishes two necessary criteria for the disqualification from receiving unemployment benefits during the interval between academic years: (1) performing educational, research, or administrative services in the first of two successive academic years; and (2) possessing either a contract or a reasonable assurance of performing such services in the second. Ms. Duran, at the most, satisfies only one. Until such time as Ms. Duran became actually employed on a full-time basis, she remained eligible to receive the previously approved unemployment benefits from April 19, 2009 through April 18, 2010.
*1177 The Agency properly found that Ms. Duran was eligible for benefits as a result of her termination, but incorrectly determined her eligibility between the terms since section 443.091(3)(a) is not applicable to her situation. For this reason, the Commission’s Order of September 30, 2009, is reversed and the case is remanded for the reinstatement of Ms. Duran’s unemployment compensation benefits (as reduced by her earnings as a part-time substitute teacher).
Reversed and remanded with instructions.
SALTER, J., concurs.

. The record clearly shows that the Agency determined that Ms. Duran’s eligibility for unemployment benefits derived from her termination, and that her work as a substitute teacher, while reducing the benefits she would receive, would not disqualify her from receiving benefits. Her work as a substitute teacher was therefore relevant only to the *1176 extent that it resulted in a reduction in the amount she was eligible to receive.

. Ms. Duran testified that she was “let go from my contract, terminated.” At that point, she accepted a substitute teaching position, “as a means for, you know, a job.”